JOSEPH CASALE, RESPONDENT, v. HARRIS GASH, APPELLANT.

Submitted May 13, 1927—Decided October 4, 1927.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Daniel W. Applegate.*

For the respondent, *Stickel & Stickel.*

The opinion of the court was delivered by

PARKER, J. This is a broker's suit for commissions on the sale of real estate. There was no employment in writing, nor any subsequent recognition in writing of such employment, as required by section 10 of the statute of frauds up to the amendment of 1918. *Pamph. L., p.* 1020. Consequently, the broker was driven to a reliance upon the proviso in that amendment which must be reproduced at length in order to exhibit the controversy in this case. That proviso is as follows: "provided, however, that any broker or real estate agent who may hereafter be employed by any owner of real estate by oral agreement, to sell or exchange any real estate belonging to such owner, and who shall actually effect the sale or exchange of such real estate pursuant to such oral agreement, before the same shall have been terminated by such owner, in writing, as hereinafter provided, may recover from such owner the amount of commission on such sale or exchange, provided such broker or agent shall within five days after the making of such oral agreement serve upon such owner a notice, in writing, setting forth the terms of such oral agreement and stating the rate or amount of commission to be paid thereunder, and provided said owner shall not have repudiated or terminated such agreement prior to the actual sale or exchange of said real estate; said owner shall have the right, at any time after receiving such notice, to repudiate or terminate such oral agreement by serving upon such broker or agent a notice, in writing, to that effect, and upon the repudiation or termination of such agreement by the serving of such notices upon such agent or broker prior to the actual sale or exchange of such property by such agent, such agreement shall be null and void and no recovery of any commission shall be had thereunder * * *."

It will be observed that this proviso contemplates (1) an oral contract of employment; (2) service by broker on owner within five days thereafter of a notice stating the terms of the contract; (3) right of owner to repudiate or terminate the employment at any time thereafter, and prior to "actual sale," and (4) the "actual effecting of the sale" by the broker in cases where notice has been given without repudiation.

In the case at bar it was open to the trial court, sitting without jury, to find that a written agreement of sale between owner and purchaser was signed on December 2d; this we have held to constitute the "actual sale" contemplated by the proviso as a basis of the right to commission. *Baron* v. *Wisnowski*, 102 *N. J. L.* 46. It was in evidence that there had been an oral employment in the preceding month of November; but as no notice had been served by the broker within five days thereafter, he was driven to the position that defendant had promised to pay him a commission on December 4th, the same day when he served his notice, and two days *after* the "actual sale" had been effected by written contract.

Giving the plaintiff the benefit of every inference of fact fairly to be drawn from the testimony, we are unable to see how this judgment can be supported. The plain intendment of the statute is that the owner has the right to repudiate or terminate the employment *after* notice and *before* actual sale; and it necessarily follows that the notice must be served by the broker at some time before "actual sale." Certainly it was never intended that after a sale had been effected by a written contract the broker could serve a binding notice which the owner could not possibly repudiate "prior to the actual sale;" and that notice itself based on an "employment" or promise to pay, made subsequent to the sale. If, as we held in *Baron* v. *Wisnowski, supra,* a written contract of sale will suffice as an "actual sale," supporting the right to commission under oral employment where notice has been served and not repudiated, it follows that in such cases the notice should be given before that "actual sale" is made.

The motion for nonsuit should have prevailed. For this error the judgment will be reversed.